# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Abdiwali Mohamed Adow, | Civil No. 18-2793 (DWF/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM** |
| | **OPINION AND ORDER** |
| Secretary Homeland Security; Matthew G. Whitaker, Acting Attorney General[1]; Scott Baniecke, ICE Field Officer Director; Kurt Freitag, Freeborn County Sheriff, | |
| Defendants. | |

This matter is before the Court on Plaintiff Abdiwali Mohamed Adow's *pro se*

Motion for Emergency Temporary Restraining Order ("TRO").  (Doc. No. 9.)  The

Government opposes the Motion.  (Doc. No. 12.)  For the reasons set forth, the Court

finds that it lacks subject matter jurisdiction over Plaintiff's motion.

## BACKGROUND

Plaintiff is a citizen of Somalia.  (Doc. No. 13 ("Minner Decl.") ¶ 7, Ex. 1.)

Plaintiff came to the United States as a refugee on or around March 1, 1996.  (*Id*. ¶ 4.)

Plaintiff became a Lawful Permanent Resident ("LPR") in August 2000.  (*Id*. ¶ 5.)

---

[1]    The Court has substituted Matthew G. Whitaker, the Acting Attorney General, for Jefferson B. Sessions, III.  A public officer's "successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name."  Fed. R. Civ. P. 25(d).

Plaintiff's date of birth on his refugee documents, his adjustment of status application to become an LPR, and his LPR card (or "green card") is listed as July 17, 1985. (*Id.* ¶ 10, Ex. 4 at 2.) In 2012, Plaintiff filed an Application for Citizenship with U.S. Citizenship and Immigration Services ("USCIS") claiming that his birth year was actually 1986, one year later than the date reflected in his immigration records. (*Id.*) Plaintiff used this later birth date to assert eligibility for citizenship based on his mother's citizenship. USCIS denied Plaintiff's citizenship application. (*Id.*) Plaintiff did not appeal.

On January 26, 2006, Plaintiff pled guilty to facilitation of aggravated robbery in Nashville, Tennessee. (*Id.* ¶ 6, Ex. 2.) Plaintiff was sentenced to a five-year prison term. (*Id.*) On October 4, 2008, Immigration and Customs Enforcement ("ICE") arrested Plaintiff and served him with a Notice to Appear in immigration removal proceedings based on his conviction for aggravated robbery. (*Id.* ¶ 7, Ex. 1.) Plaintiff admitted the factual allegations in the Notice to Appear, including that he was not a United States citizen, and Plaintiff filed no applications for relief. (*Id.* ¶ 8.) On October 31, 2007, an Immigration Judge ("IJ") in Louisiana ordered Plaintiff removed to Somalia. (*Id.* ¶ 8, Ex. 3.) Plaintiff waived appeal of the removal order. (*Id.*) On February 10, 2009, ICE released Plaintiff on an Order of Supervision ("OSUP") because there was no significant likelihood of his removal in the foreseeable future. (*Id.* ¶ 9.)

On March 22, 2017, ICE revoked the OSUP based on the likelihood of obtaining a travel document from Somalia for Plaintiff and Plaintiff's arrest in Hennepin County, Minnesota on a warrant for terroristic threats. (*Id.* ¶ 11.) On October 25, 2017, Plaintiff

was transferred to the Hennepin County jail.  (*Id*. ¶ 21.)  On October 26, 2017, the

Hennepin County District Court in Minneapolis, Minnesota convicted Plaintiff of felony

terroristic threats-reckless disregard risk and sentenced Plaintiff to 27 months in jail.  (*Id*.

¶ 22, Ex. 9.)  Plaintiff remained in state custody until September 18, 2018, at which time

the Minnesota Department of Corrections returned him to ICE custody.  (*Id*. ¶ 27.)

Plaintiff has filed motions in both Immigration Court and the Fifth Circuit Court

of Appeals.  First, Plaintiff filed a *pro se* motion to reopen his removal proceedings.  (*Id*.

¶ 12.)  On May 5, 2017, the IJ denied his motion.  (*Id*. ¶ 14.)  Plaintiff then filed a motion

to reconsider, which the IJ denied.  (*Id*. ¶¶ 15, 17 & Ex. 6.)  Plaintiff also appealed the

denial of his motion to reopen to the Board of Immigration Appeals ("BIA") and filed a

motion for stay of his removal.  (*Id*. ¶ 16.)  The BIA denied Plaintiff's motion to stay and

dismissed Plaintiff's appeal.  (*Id*. ¶¶ 18, 20 & Exs. 7, 8.)  On November 22, 2017,

Plaintiff filed another motion to reopen directly with the BIA, which was denied on

March 23, 2018.  (*Id*. ¶ 24, Ex. 10.)

On April 23, 2018, Plaintiff filed a Petition for Review and a motion to stay his

deportation with the Fifth Circuit Court of Appeals.  (*Id*. ¶ 25.)  On May 21, 2018, the

Fifth Circuit Court of Appeals denied Plaintiff's motion for a stay of deportation.  (*Id*.

¶ 26, Ex. 11.)  On September 18, 2018, Plaintiff filed a motion for a stay of deportation in

the Fifth Circuit.  (*Id*. ¶ 28.)  On October 2, 2018, the Fifth Circuit denied Plaintiff's

motion.  (*Id*. ¶ 28, Ex. 12.)  On November 13, 2018, Plaintiff filed another motion for a

stay in the Fifth Circuit, which was denied on November 20, 2018.

ICE presently has a travel document for Plaintiff from the Embassy of Somalia that is valid through April 3, 2019. (*Id*. ¶ 29.) Plaintiff is scheduled for removal to Somalia in late November 2018. (*Id*. ¶ 30.)

Plaintiff filed a *pro se* Petition for a Writ of Habeas Corpus Under § 2241 on September 28, 2018. The government responded to the Petition on November 21, 2018. Plaintiff filed the presently pending TRO on November 26, 2018.

## ANALYSIS

A movant must demonstrate circumstances that justify a stay of his removal, and as with other temporary injunctive relief, the Court weighs the following factors: (1) the threat of irreparable harm to the moving party; (2) the balance between the alleged irreparable harm and the harm that granting the injunction would inflict on the other party; (3) the public interest; and (4) the likelihood of the moving party's success on the merits. *See Dataphase Sys., Inc. v. C L Sys., Inc*., 640 F.2d 109, 113 (8th Cir. 1981). The factors must be balanced to determine whether they tilt toward or away from granting injunctive relief. *See West Pub. Co. v. Mead Data Cent., Inc*., 799 F.2d 1219, 1222 (8th Cir. 1986). However, when a district court lacks jurisdiction over a petitioner's TRO motion, "it need not discuss the factors typically considered when addressing such motions." *Ruiz v. Johnson*, Civ. No. 14-1721, 2014 WL 2511094, at *3 (D. Minn. June 4, 2014.)

As a threshold matter, the Court addresses the government's argument that the Court lacks jurisdiction to consider Plaintiff's request to enjoin his removal. The appellate court is the sole venue for the review of removal orders. *See* 8 U.S.C.

§ 1252(a)(5) ("a petition for review filed with an appropriate *court of appeals* in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter") (emphasis added); *see also Tostado v. Carlson*, 481 F.3d 1012, 1014 (8th Cir. 2007) (explaining that the REAL ID Act of 2005 "clarifies the scope of judicial review of removal orders," and that "a petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation, or exclusion"). In addition, judicial review of all questions of law and fact arising from removal proceedings is available only in the circuit court. 8 U.S.C. § 1252(b)(9) ("consolidation of questions for judicial review"). Moreover, 8 U.S.C. § 1252(g) provides for "exclusive jurisdiction" over claims arising out of the execution of removal orders:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *no court shall have jurisdiction* to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g) (emphasis added).

Plaintiff asks the Court to issue a TRO on his "removal pending the outcome of his petition for review before the Fifth Circuit Court of Appeals." (*See* Doc. No. 9 at 14.) Plaintiff also appears to seek relief from his detention on the basis that he is a United States citizen who derived his citizenship from his mother. Plaintiff's claims must be raised in the appropriate circuit court of appeals. The Fifth Circuit Court of Appeals has denied Plaintiff's request for a stay three times. The Court simply does not have

jurisdiction to revisit those decisions. Instead, the appellate court is Plaintiff's sole venue

for such review. 8 U.S.C. § 1252(a)(5). Moreover, to the extent that Plaintiff seeks to

reargue his derivative citizenship claim or challenge his underlying aggravated robbery

conviction as a crime of violence, the Court still lacks jurisdiction to consider his claims.

*See* 8 U.S.C. § 1252(a)(5), (b)(9), (g). Because the Court has determined that it lacks

jurisdiction over Plaintiff's challenges, the Court need not reach the *Dataphase* factors

related to Plaintiff's Motion.

## ORDER

Based upon the Court's review of the record, all the arguments and submissions of

the parties, and for the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's

Motion for an Emergency Temporary Restraining Order (Doc. No. [9]) is **DENIED**.

Dated: November 28, 2018                 s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge