# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Abdiwali M. A., | Case No. 18-cv-2793 (DWF/TNL) |
| Petitioner, | |
| v. | **REPORT & RECOMMENDATION** |
| Secretary Homeland Security;<br>William Barr, *Attorney General*;[1]<br>Scott Baniecke, *ICE Field Office Director*; and<br>Kurt Freitag, *Freeborn County Sherriff*, | |
| Respondents. | |

Abdiwali M. A., A071-661-112, Freeborn County Adult Detention Center, P.O. Box 170, Albert Lea, MN 56007 (pro se Petitioner);

Ana H. Voss and Ann M. Bildtsen, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondents Secretary Homeland Security, William Barr, and Scott Baniecke); and

David John Walker, County Attorney, Freeborn County Attorney's Office, Freeborn County Government Center, 411 South Broadway Avenue, Albert Lea, MN 56007 (for Respondent Kurt Freitag).

## I. INTRODUCTION

This matter comes before the Court on Petitioner Abdiwali M. A.'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). Pet., ECF No. 1. This matter has been referred to the undersigned for a Report and Recommendation to the Honorable Donovan W. Frank, District Judge for the United States District Court for the District of

---

[1] The Court has substituted William Barr, the current Attorney General, for Jefferson B. Sessions, III. A public "officer's successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name." Fed. R. Civ. P. 25(d).

1

Minnesota, pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons that follow, the Court recommends that the Petition be denied as moot and this action be dismissed.

## II. BACKGROUND

Petitioner is a native and citizen of Somalia. Ex. 1 to Decl. of Angela Minner, ECF No. 7-1. Petitioner entered the United States in 1996 as a refugee and subsequently became a lawful permanent resident. Minner Decl. ¶¶ 4-5, ECF No. 7; *see* Exs. 1, 4, 5 to Minner Decl., ECF No. 7-1. In 2006, Petitioner was convicted of facilitation of aggravated robbery and sentenced to a five-year term of imprisonment by the Davidson County Court in Nashville, Tennessee. Minner Decl. ¶ 6; Ex. 2 to Minner Decl., ECF No. 7-1.

### A. 2008 Removal Order

In 2008, Immigration and Customs Enforcement ("ICE") arrested Petitioner and served him with a Notice to Appear in removal proceedings. Minner Decl. ¶ 7; Ex. 1. An immigration judge ordered Petitioner removed to Somalia in October. Minner Decl. ¶ 8; Ex. 3 to Minner Decl., ECF No. 7-1. In February 2009, however, ICE released Petitioner because there was "no significant likelihood of his removal to Somalia in the reasonably foreseeable future." Minner Decl. ¶ 9.

### B. 2012 Citizenship Application

In 2012, Petitioner applied for citizenship, asserting that his birth year was one year later than was reflected in his immigration documents. *See* Minner Decl. ¶ 10; Ex. 4. Petitioner's application was denied because no documents existed that reflected the

alleged later birth year. Ex. 4. There is no record of Petitioner appealing that denial. Minner Decl. ¶ 10.

### C. 2017 Arrest & Immigration Proceedings

In March 2017, ICE arrested Petitioner based upon the likelihood of obtaining a travel document from Somalia and due to Petitioner's recent arrest in Hennepin County, Minnesota, on a warrant for terroristic threats. Minner Decl. ¶ 11.

While a travel document request for Petitioner was pending with the Embassy of Somalia, Petitioner sought to reopen his removal proceedings. Minner Decl. ¶¶ 12-13, 19. Petitioner's motion to reopen was denied as was a motion for reconsideration and he appealed to the Board of Immigration Appeals. Minner Decl. ¶¶ 14-17. Petitioner's appeal was subsequently dismissed. Minner Decl. ¶ 20.

The Embassy of Somalia issued a travel document for Petitioner in August 2017. Minner Decl. ¶ 19.

### D. 2017-18 State Court Proceedings

In October 2017, Petitioner was convicted of felony terroristic threats and received a 27-month sentence. Minner Decl. ¶ 22. While he was in state custody, Petitioner filed a motion to reopen with the Board of Immigration Appeals, which was denied. Minner Decl. ¶¶ 23-24; Ex. 10 to Minner Decl., ECF No. 7-1. Petitioner was returned to ICE custody in September 2018 following completion of his state sentence. Minner Decl. ¶ 27.

### E. 2018 Proceedings in the Fifth Circuit Court of Appeals

In April 2018, Petitioner filed a petition for review and motion to stay deportation with the Fifth Circuit Court of Appeals. Minner Decl. ¶ 25. The Fifth Circuit denied the motion to stay deportation. Minner Decl. ¶ 26; Ex. 11 to Minner Decl., ECF No. 7-1. Petitioner filed another motion to stay deportation with the Fifth Circuit in September, which was also denied. Minner Decl. ¶ 28; Ex. 12 to Minner Decl., ECF No. 7-1.

The Embassy of Somalia issued a renewal of Petitioner's travel document in early October. Minner Decl. ¶ 29.

Petitioner subsequently filed a third motion to stay in the Fifth Circuit in November, which was likewise denied approximately one week later. (Resps.' Supp'l Answer at 5, ECF No. 16.)

### F. Habeas Petition and Removal to Somalia

While proceedings were pending in the Fifth Circuit, Petitioner filed the instant Petition on September 28, 2018. Petitioner argues that "[his] prolonged and continued detention is unreasonable, and violates [his] substantive rights to due process under the Due Process Clause of the Fifth Ammendment [sic]." Pet. at 6.[2] Petitioner further argues that "the government arbitrarily denied [his] application for derivative citizenship based on clearly erroneous information on [his] green card and date of birth" and that deportation "is against the law, specifically . . . the Refugee Convention Act, prohibiting against [sic] return to countries of persecution." Pet. at 7. In his Petition, Petitioner seeks

---

[2] Due to various inconsistencies in pagination, the Court uses the page numbers generated by the Court's electronic filing system.

immediate release from custody and requests that the Court enjoin his deportation to Somalia. Pet. at 8.

Petitioner later filed a motion for a temporary restraining order in this case, seeking to enjoin Respondents from deporting him to Somalia while his petition for review is pending with the Fifth Circuit. *See generally* Mot. for Emergency TRO, ECF No. 9. Petitioner's motion was denied by the district court. *See generally* Mem. Op. & Order, ECF No. 15.

Petitioner was removed to Somalia on November 29, 2018. Decl. of Timothy J. McPherson, ¶ 3, ECF No. 17; Ex. 1 to McPherson Decl., ECF No. 17-1.

### III. ANALYSIS

**A. Mootness**

"Article III of the United States Constitution only allows federal courts to adjudicate actual, ongoing cases or controversies." *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003); *see* U.S. Const. art. III, § 2. The case-or-controversy requirement exists throughout all stages of the federal proceeding. *Potter*, 329 F.3d at 611. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and the federal court can no longer grant effective relief,' the case is considered moot." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) (alteration in original) (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994)). "[A] federal court has neither the power to render advisory opinions nor to 'decide questions that cannot affect the rights of litigants in the case before them.'" *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (quoting

*North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). If there is no longer an ongoing case or controversy, the action is moot and must be dismissed. *Potter*, 329 F.3d at 611; *see Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) (noting that when an issue is moot the court "must dismiss the action for lack of jurisdiction").

Petitioner seeks release from custody. Petitioner has since been removed from the United States to Somalia, and is no longer in ICE custody. This "leaves nothing for the Court to grant by way of habeas relief." *Sirleaf v. Sec'y, Dep't Homeland Sec.*, No. 17-cv-4126 (DSD/HB), 2018 WL 3407697, at *1 (D. Minn. June 19, 2018), *report and recommendation adopted*, 2018 WL 3404154 (D. Minn. July 12, 2018). Petitioner's habeas petition is thus moot. *Id.*; *see also, e.g.*, *Yadin v. Sessions*, No. 16-cv-3466 (SRN/SER) 2017 WL 3267709, at *2 (D. Minn. July 31, 2017); *Ahmed v. Sessions*, No. 16-cv-2124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017), *report and recommendation adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017); *Estrada-Heredia v. Holder*, No. 12-cv-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012), *report and recommendation adopted*, 2012 WL 4839019 (D. Minn. Oct. 11, 2012); *Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immig. Servs.*, No. 10-cv-292 (JRT/LIB), 2010 WL 5141803, at *12 (D. Minn. Dec. 13, 2010).

### B. Application of the Exceptions to Mootness

Petitioner's removal to Somalia will not render his Petition moot, however, if an exception to the mootness doctrine applies. *Sayonkon v. Beniecke*, No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (citing *Spencer v. Kemna*,

523 U.S. 1, 7 (1998)), *report and recommendation adopted*, 2012 WL 1622545 (D. Minn. May 9, 2012).

> Under these exceptions, the Petition should not be dismissed as moot if: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit."

*Id*. (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002)). The Court concludes that none of these exceptions applies in this case.

First, there are no collateral injuries resulting from the allegedly prolonged detention. Rather, any alleged injuries stem from the removal order to which this exception does not apply. *See*, *e.g.*, *Sirleaf*, 2018 WL 3407697, at *2; *Ahmed*, 2017 WL 3267738, at *2. Second, it is unlikely that the allegedly unlawful period of detention will be repeated given Petitioner's removal from the United States. *See Sirleaf*, 2018 WL 3407697, at *2; *Ahmed*, 2017 WL 3267738, at *3. Third, voluntary cessation does not apply. ICE had begun pursuing—and in fact had already received—a travel document for Petitioner from the Embassy of Somalia well before the Petition was filed.[3] *See* Minner Decl. ¶¶ 13, 19. Furthermore, ICE is not likely to resume the allegedly prolonged detention given that Petitioner is no longer in the United States. Thus, even if Petitioner were detained again, it would be under a different set of facts and circumstances. Finally,

---

[3] Because of Petitioner's state incarceration, however, the previously issued travel document expired and needed to be renewed. *See* Minner Decl. ¶¶ 22, 27, 29.

7

the fourth exception does not apply because this is not a properly certified class action lawsuit.

In sum, because the Court can no longer grant effective relief to Petitioner and none of the exceptions to mootness applies, the Petition must be denied as moot.

### C. Validity of the Removal Order and Other Issues

Petitioner has also included arguments relating to the validity of the removal order, including the denial of his application for derivative citizenship. Petitioner argues that "the government arbitrarily denied [his] application for derivative citizenship" and deportation to Somalia is "against the law" because there is a "prohibit[ion] against return to countries of persecution." Pet. at 7. As the district court previously stated, such matters must be raised in the appropriate court of appeals and this Court lacks jurisdiction over such claims.[4] Mem. Op. & Order at 4-6.

[Continued on next page.]

---

[4] And, Petitioner appears to have raised these issues in his petition for review to the Fifth Circuit. Pet. at 4.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED AS MOOT**.

2. This action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Date: April  17  , 2019

          *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Abdiwali M. A. v. Secretary Homeland Security et al.*
Case No. 18-cv-2793 (DWF/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).